UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HUI ALTMAN,

                     Plaintiff,                                  13-cv-3253 (NSR)
     -against-                                              OPINION AND ORDER

NEW ROCHELLE PUBLIC SCHOOL DISTRICT,
MR. KOLAHIFAR, MR. ORGANISCIAK,
and MR. MENDEZ,

                     Defendants.
------------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge:

       On June 19, 2014, the Court converted Defendants' motion to dismiss into a motion for summary judgment, and granted Defendants summary judgment with respect to Plaintiff's age discrimination claim. (*See* Docket No. 44 (the "June 19 Opinion").) Defendants Mendez, Kolahifar, and Organisciak were subsequently dismissed from this action. (*See* Docket Nos. 51, 72.) Now before the Court is Defendant New Rochelle Public School District's (the "District") motion for summary judgment on Plaintiff's remaining claim for national origin discrimination brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.

       The Court presumes the parties' familiarity with the facts previously summarized in its Opinion and Order on Defendants' first motion for summary judgment and will not restate them here. In reaching its decision on the pending motion, the Court has taken into consideration the parties' submissions in connection with this motion, including their respective Local Civil Rule 56.1 Statements and accompanying declarations and affidavits.

       For the following reasons, the District's motion for summary judgment is DENIED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/2/2016

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute."  Fed. R. Civ. P. 56(c)(1).  "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).  The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation."  *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted).  Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment."  *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

## DISCUSSION

Plaintiff's only remaining claim is one for national origin discrimination under Title VII.  The Court previously denied the District summary judgment on Plaintiff's claim, finding that Plaintiff established a *prima facie* case of discrimination, and, in response to the District proffering a nondiscriminatory rationale for Plaintiff's termination, also established a genuine issue of material fact with respect to the existence of pretext.  (*See* June 19 Opinion at 18-25.)  The District now argues, once again, that Plaintiff cannot make out a *prima facie* case of discrimination or establish pretext.  The Court will address each argument in turn.

I.     **Plaintiff's Prima Facie Case**

"In order to establish a prima facie case of discriminatory termination of employment [under Title VII], the plaintiff must show that she belongs to a protected class, that she was performing her duties satisfactorily, and that she was discharged under circumstances giving rise to an inference of discrimination on the basis of her membership in the protected class." *Gomez v. Pellicone*, 986 F. Supp. 220, 227 (S.D.N.Y. 1997) (citing *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997)). "[T]he level of proof a plaintiff is required to present in order to establish a *prima facie* case of discrimination is low." *De la Cruz v. N.Y.C. Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 20 (2d Cir. 1996) (internal citation omitted). The District asserts that Plaintiff cannot establish a *prima facie* case because she was not performing her job satisfactorily and because the circumstances of her termination do not give rise to an inference of discrimination based on national origin.

   A. **Plaintiff's Job Performance**

As the Court previously explained, Plaintiff "need not demonstrate that h[er] performance was flawless or superior. Rather, [s]he need only demonstrate that [s]he 'possesses the basic skills necessary for performance of [the] job.'" (June 19 Opinion at 19 (quoting *De la Cruz*, 82 F.3d at 20 (quoting *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2d Cir.), *cert. denied*, 439 U.S. 984 (1978))).) Relying on Mendez's performance evaluations of Plaintiff during her tenure with the District, the District argues that Plaintiff was not performing her duties in a satisfactory manner and therefore cannot establish a *prima facie* case of discrimination. (Def.'s Mot. at 4-11.)

In connection with the District's first motion for summary judgment, the Court found that Mendez's "performance reviews contained both positive and negative comments," with the

4

positive comments including that Plaintiff "demonstrates knowledge of the target language" and that "classroom routines and procedures are clear and function smoothly." (*Id.* at 19 (citing Affidavit of Juan Mendez, Docket Nos. 31, 84, ("Mendez Aff."), Ex. G. at 3).) When combined with Plaintiff's qualifications as a native Mandarin speaker and her teaching experience and training, the Court found that Plaintiff demonstrated that she "'possesse[d] the basic skills necessary' to perform the job," (*id.* (citing *De la Cruz*, 82 F.3d at 20)), and denied the District summary judgment on this issue.

Nothing proffered by the District in connection with this motion changes the Court's initial determination that Plaintiff possessed the basic skills necessary for the performance of her job. The District's presentation of cherry-picked negative comments from Plaintiff's performance reviews – the same reviews proffered in connection with the first summary judgment motion (*compare* Docket Nos. 17, 31 *to* Docket No. 84) – fails to undermine or refute the positive comments on which the Court relied in concluding that Plaintiff met her initial burden. Without more, the Court will not upset its previous determination. Summary judgment is therefore denied.

### B. Inference of Discrimination

The District asserts that the statements alleged to have been made regarding Plaintiff's national origin – that she should work in Chinatown and that it might be better that she work for her own people (*see* Plaintiff's Reply to Defendant's Local Rule 56.1 Statement of Material Facts and Counterstatement of Material Facts ("Pl.'s 56.1") ¶ 177) – do not give rise to an inference of discrimination, precluding Plaintiff from establishing her *prima facie* case of discrimination. The District essentially recycles its arguments from its first motion for summary judgment, arguing that Organisciak and Kolahifar were not decision makers and any statements

5

purportedly made by them cannot be used to infer discrimination, as well as that the same actor defense requires dismissal of the claim.  The District also argues that there is no temporal proximity between the decision to terminate Plaintiff and the alleged discriminatory remarks.

First, although the District attempts to downplay the involvement of Organisciak and Kolahifar in the decision to terminate Plaintiff, there is ample evidence on which a rational fact finder could rely to find that both individuals played a meaningful role in the decision to terminate Plaintiff.  Despite the District's assertion that the decision to terminate Plaintiff was made solely by Mendez, Organisciak affirmed that he and Kolahifar, as well as other administrators, participated in the January 2012 meeting at which the decision was purportedly made to recommend to the Board of Education that Plaintiff be terminated.  (Affidavit of Richard E. Organisciak, Docket No. 86, ("Organisciak Aff."), ¶¶ 4-9.)  Specifically, Organisciak stated that "[w]hen the administrators met to review Ms. Altman's probationary employment, it was decided that a recommendation would be made to the Board of Education to terminate her . . . ." (*Id.* ¶ 8.)  The fact that the decision was purportedly made based on Mendez's recommendation is of no consequence, (*id.* ¶ 9), as a rational fact finder could conclude from Organisciack's affidavit that he and Kolahifar were a part of the decision making process concerning the termination of Plaintiff's employment.  Mendez's testimony supports this notion, as he testified that he was only permitted to make a recommendation for termination and that the final decision to terminate an employee was not his to make.  (*See* Declaration of Dennis D. Kitt, Docket No. 96, ("Kitt Decl."), Ex. F at 113-116.)  Moreover, the Court initially concluded that when viewing the evidence in the light most favorable to Plaintiff, the evidence did support the conclusion that Mendez was the sole decision maker, as Organisciak wrote the notice recommending Plaintiff's termination and Kolahifar participated in the meeting at which Plaintiff was terminated.  (*See*

June 19 Opinion at 20.)  Again, nothing uncovered in discovery alters that conclusion.

Second, the District renews its same actor defense, which the Court previously explained may be relevant in this case.  (*Id.* at 23.)  Nevertheless, the District has not overcome the Court's concerns with respect to Organisciak's purported "Chinatown" statement, as there is evidence on which a rational fact finder could rely to conclude that Organisciak was involved in the decision to terminate Plaintiff, negating the District's argument that Mendez was the sole decision maker involved in Plaintiff's hiring and firing.  Further, although Organisciak now denies having made the "Chinatown" statement, (Organisciak Aff. ¶ 21), at best this creates a material dispute of fact between Plaintiff and Organisciak, and the Court is decidedly not permitted to weigh the credibility of Organisciak's denial against Plaintiff's allegations.[1]

Third, there are genuine questions of fact with respect to the timing of Mendez's decision to recommend Plaintiff's termination and the discriminatory statements purportedly made by Organisciak and Kolahifar.  Although the District argues that Mendez communicated his recommendation to terminate Plaintiff in January 2012, Mendez's own testimony contradicts this assertion and must therefore be evaluated by a jury.  Mendez testified that leading up to his final review of Plaintiff on March 22, 2012, (Mendez Aff., Ex. G), he had not decided whether to terminate Plaintiff: "I could have been thinking about it.  It was in my head.  But the decision, per se, if you asked me if I had said she's not coming back, no.  It was back and forth."  (Kitt Decl. at 106:15-20.)  If such was the case, then the time between the decision to terminate Plaintiff and the purported discriminatory statements would only have been a few days, rather than the nearly three months that the District suggests as the basis for its argument that no

---

[1] The District asks the Court to "discredit" Plaintiff's allegations, essentially arguing that there is ample evidence to demonstrate that Plaintiff fabricated her allegations. (*See* Def.'s Mot. at 15-16.)  It is well-settled, however, that such credibility determinations are not appropriate on a motion for summary judgment.  *Anderson*, 477 U.S. at 249.

temporal proximity existed.  (*See* Def.'s Mot. at 13-14.)  Such a short period of time is sufficient to support an inference of discrimination.

Ultimately, the District has not adduced evidence following discovery that would undermine or refute the facts upon which the Court previously determined that Plaintiff established an inference of discrimination, and thus a *prima facie* case of discrimination.  The District's motion for summary judgment on this point is denied.

## II.     Legitimate, Nondiscriminatory Reasons for Termination and Pretext

Having determined that Plaintiff established her *prima facie* case, the Court now turns to whether the District has proffered legitimate, nondiscriminatory reasons for Plaintiff's termination.  "An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."  *DeLuca v. Allied Domecq Quick Serv. Rests.*, No. 03 Cv. 5142 (JFB) (AKT), 2006 WL 1662611, at *9 (E.D.N.Y. June 13, 2006) (internal citation and quotation marks omitted).  Nevertheless, "an employer's explanation of its reasons must be clear and specific in order to afford the employee a full and fair opportunity to demonstrate pretext.  Where an employer's explanation, offered in clear and specific terms, is reasonably attributable to an honest even though partially subjective [belief], no inference of discrimination can be drawn."  *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 105 (2d Cir. 2001) (internal citations and quotation marks omitted).

The Court previously held that the District proffered sufficient evidence to satisfy their burden of demonstrating a legitimate, nondiscriminatory reason for Plaintiff's termination.  (*See* June 19 Opinion at 23.)  Following discovery, Plaintiff does not challenge the District on this issue.  The burden therefore shifts back to Plaintiff to "show that the proffered reason was

merely a pretext for discrimination, which may be demonstrated either by the presentation of additional evidence showing that the employer's proffered explanation is unworthy of credence, or by reliance on the evidence comprising the prima facie case, without more." *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir. 1999) (internal citation and quotation marks omitted). "Of course, [t]o defeat summary judgment within the *McDonnell Douglas* framework . . . the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004) (internal citation and quotation marks omitted). *See also Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 n.13 (2d Cir. 2015) (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 141-42 (2d Cir. 2008)).

The Court previously determined that the temporal proximity between the "Chinatown" comments and Plaintiff's notification of her termination provided an inference by which a rational fact finder could conclude that the "comments were related to or informative of the decisional process which resulted in Plaintiff's termination." (June 19 Opinion at 24.) Nothing uncovered in discovery and proffered in connection with this motion undermines the Court's prior determination.[2]

The District also argues that collateral estoppel bars reconsideration of the issue of pretext because a jury in Plaintiff's state court defamation case determined that the stated reason for her termination – poor teaching performance – was not false. The District's argument glosses

---

[2] The District renews its argument that Organisciak and Kolahifar were not decision makers in order to defeat any inference of pretext. (Def.'s Mot. at 20.) The Court previously found this argument unpersuasive in its June 19 Opinion. (June 19 Opinion at 23-24.) Nothing presented in the instant motion changes the Court's opinion.

9

over the fact that Plaintiff may prove her Title VII claim by demonstrating that the "impermissible factor was a motivating factor, without proving that the employer's proffered explanation was not some part of the employer's motivation." *Holcomb*, 521 F.3d at 142 (citing *Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 120 (2d Cir. 1997)). *See also Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000) ("It is therefore now settled that a plaintiff in a Title VII action need not disprove a defendant's proffered rationale for its adverse actions in order to prevail.")  In other words, the state court jury did not conclude that Plaintiff's poor performance was the only reason for her termination, therefore permitting Plaintiff to pursue her Title VII claim in this action.

In short, Plaintiff may prevail on her Title VII claim by proving that the decision to terminate her was based in part on her national origin. Although there is sufficient evidence for a jury to conclude that the District terminated Plaintiff solely based on her performance, there is enough evidence to the contrary that the Court cannot remove this case from the jury and decide it as a matter of law.  Based on the evidence presented in this motion, a rational fact finder could conclude that: 1) Organisciak and Kolahifar made discriminatory statements to Plaintiff; 2) Organisciak and Kolahifar played a meaningful role in the decision to terminate Plaintiff; and 3) based on the proximity of the discriminatory statements to Plaintiff's termination, Plaintiff's national origin was a motivating factor in the District's termination decision. The District's motion for summary judgment is therefore denied.

## CONCLUSION

For the foregoing reasons, the District's motion for summary judgment is DENIED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 80. The parties are directed to appear for an in-person pretrial conference at 12:30 p.m. on July 8, 2016.

Dated: June 2, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge